UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. DULAK,                                    Case No. 14-10193

            Plaintiff,                             Denise Page Hood
v.                                                 United States District Judge

CORIZON INC., Dr. HUTCHINSON,                      Michael Hluchaniuk
Dr. STEVE, Dr. ABDELLATIF, PA JINDAHL,             United States Magistrate Judge
ROGERS, TAMMY ROTHHAAR,

            Defendants.
_____/

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION (Dkt. 4)**

## I.   PROCEDURAL HISTORY

On January 3, 2013, plaintiff James A. Dulak, an inmate incarcerated by the

Michigan Department of Corrections at the Gus Harrison Correctional Facility in

Adrian, Michigan, brought this action under 42 U.S.C. § 1983, claiming a

violation of his rights under the United States Constitution.  (Dkt. 1).  On February

19, 2014, District Judge Denise Page Hood referred this case to the undersigned

for all pretrial purposes.  (Dkt. 11).  Plaintiff filed a motion for temporary

restraining order and preliminary injunction on that same date he filed his

complaint.  (Dkt. 4).  Defendants Joan Rogers and Tammra Rothhaar ("MDOC

Defendants") filed a response to plaintiff's motion on April 22, 2014 (Dkt. 38),

and defendants Craig Hutchinson, MD, Badawi Absellatif, MD, Rosilyn Jindal, PA and Corizon Health, Inc. ("Corizon Defendants") filed their response on April 28, 2014. (Dkt. 45). On May 2, 2014, plaintiff filed his objections, motion to strike and reply in support of his motion as to the MDOC Defendants (Dkt. 47), and on May 21, 2014, plaintiff filed his reply in support of his motion as to the Corizon Defendants. (Dkt. 52).

This motion is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Claims

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs, including care rendered for Hepatitis C, orthopedic needs, pain and high blood pressure. He asserts that he was informed that he tested positive for Hepatitis C on February 24, 2010, and that he has level I cirrhosis and 0 grade fibrosis, but that defendants made the decision not to treat his Hepatitis C until plaintiff reaches a level II cirrhosis and grade II fibrosis. Plaintiff also contends that he has requested a shoe

2

accommodation for his right foot neuropathy, which defendants have denied, and that defendants have refused to prescribe narcotic pain medication for plaintiff, even though plaintiff has been prescribed narcotic medication for the past 25 years as a result of a fall from a second story roof and subsequent spinal fusion surgery. Plaintiff further alleges that defendant Rogers removed plaintiff's diet line accommodation for his high blood pressure, and that defendant Rothaar told him he was taken off diet line to be punished. Plaintiff contends that defendants denied him adequate treatment for his serious medical issues in violation of the United States Constitution and he seeks declaratory and injunctive relief, and compensatory and punitive damages.

**B.    Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Dkt. 4)**

Plaintiff alleges that he has been denied adequate medical care for all of his medical needs, including high blood pressure, chronic pain, and orthopedic devices, denied treatment for his Hepatitis C, and denied narcotic pain medications. Plaintiff seeks an order directing defendants to arrange for examinations and plans of treatment by qualified specialists on all of these issues and a preliminary injunction requiring defendants to carry out the plans of treatment and medication regimes, including non-medication orthopedic supports, shoes and braces.

### C.    Defendants' Responses to Plaintiff's Motion (Dkt. 38, 45)

Defendants argue that plaintiff's motion should be denied, and support their

arguments with affidavits by Jeffrey C. Stieve, M.D., (Dkt. 38-2), Bryan Buller,

M.D. (Dkt. 45-1), and Craig Hutchinson, M.D. (Dkt. 45-2).  First, defendants

assert that plaintiff has not shown a high likelihood of success on the merits of his

claims.  MDOC Defendants assert that they have filed a summary judgment

motion, which remains pending, asserting that plaintiff has not properly exhausted

his administrative remedies prior to filing this lawsuit.  In addition, defendants

contend that plaintiff is already receiving medically appropriate care for his

conditions, and that his complaints regarding his medical treatment evidence, at

most, a difference of opinion between plaintiff and his medical providers as to his

diagnoses and appropriate course of treatment.  Defendants assert that while

plaintiff apparently suffers some level of bodily discomfort, his pain and

medication concerns were not disregarded by the medical staff, and plaintiff's

dissatisfaction and difference of opinion with regard to the treatment rendered

does not give rise to a claim under § 1983 or a preliminary injunction.  Second,

defendants argue that there is no present threat of irreparable harm.  According to

defendants, plaintiff's allegations of irreparable harm are speculative, as he is

receiving appropriate treatment, monitoring and medication for his conditions.

Third, defendants argue that any intervention by the courts into the management of

4

a prison is prejudicial to that management, as prison officials have a strong interest in the enforcement of the rules and policies within prison facilities.  Defendants contend that medical providers, especially those practicing medicine within the correctional system, should not be asked to exercise their judgment with fear of interference by the judiciary, and if inmates are allowed to challenge medical decisions, it will severely impact the medical provider's ability to adequately treat their patients.  Fourth, defendants argue that the public interest is better served by allowing corrections officials to operate prisons and medical providers to make independent informed decisions based on their medical training and background, as opposed to allowing inmates to dictate the day-to-day affairs of a prison. Finally, MDOC Defendants assert that plaintiff's motion is contrary to the basic purpose of preliminary injunctive relief.  According to the MDOC Defendants, "[t]he purpose of a preliminary injunction is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004). Defendants argue that plaintiff here is seeking the relief that he would be granted if he prevailed at trial, which is counter to the purpose of injunctive relief, and thus his motion should be denied for that reason as well.

### D.    Plaintiff's Reply Briefs in Support of His Motion (Dkt. 47, 52)

Plaintiff argues that the affidavit filed in support of the MDOC Defendants' response should be stricken pursuant to Fed. R. Civ. P. 12(f) because the affidavit

5

is self-serving, inconsistent, contradictory and contain blatant misrepresentations. Plaintiff contends that the affidavit was filed in bad faith and that the evidence supports his claim of deliberate indifference to his serious medical needs. Plaintiff argues that contrary to the affiant's statements, MDOC Medical Service Advisory Committee (MSAC) Guidelines regarding shoe accommodations indicate that plaintiff is eligible for a shoe accommodation due to his peripheral neuropathy. Plaintiff argues that he has shown a likelihood of success on the merits based on defendants' failure to treat his Hepatitis C and denial of a shoe accommodation. And, plaintiff argues he has shown irreparable harm based on the progression of his fibrosis and/or cirrhosis, and physical pain, and that he satisfies the last two prongs for an injunction because "[i]t is plain and obvious that the defendants or the public will be affected in any negative matter."

## III.   ANALYSIS AND CONCLUSION

### A.   Governing Law

Plaintiff seeks an injunction compelling defendants to provide him with a medically appropriate course of medications and treatment for his medical issues, along with non-medication orthopedic supports, shoes and braces, and to arrange for plaintiff to be seen by an outside provider of Pain Management Consultation and a qualified orthopedic specialist. In determining whether a TRO or preliminary injunction is proper, the court considers four factors: (1) whether

plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has

shown irreparable injury; (3) whether issuance of the injunction would cause

substantial harm to others; and (4) whether the public interest would be served by

issuance of the injunction.  *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760

(6th Cir. 2005).  Although no single factor is controlling when determining

whether a preliminary injunction should issue, the likelihood of success on the

merits is often the predominant consideration.  *Gonzales v. National Bd. of Med.*

*Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no

likelihood of success on the merits is usually fatal.").  Plaintiff bears the burden of

demonstrating his entitlement to a preliminary injunction, and his burden is a

heavy one because injunctive relief is "an extraordinary remedy which should be

granted only if the movant carries his or her burden of proving that the

circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban Cnty.*

*Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  Indeed, the "proof required for the

plaintiff to obtain a preliminary injunction is much more stringent than the proof

required to survive a summary judgment motion."  *Leary v. Daeschner*, 228 F.3d

729, 739 (6th Cir. 2000); *see also McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir.

2012) ("The proof required for the plaintiff to obtain a preliminary injunction is

much more stringent than the proof required to survive a summary judgment

motion because a preliminary injunction is an extraordinary remedy.").  "Further,

7

where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting." *See Christian v. Michigan Dep't of Corrs.-Health Servs.*, 2013 WL 607783, at *2 (E.D. Mich. Jan. 28, 2013) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)), *adopted by* 2013 WL 607779 (E.D. Mich. Feb. 19, 2013).  Indeed, the Prison Litigation Reform Act requires that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits."  *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005).  Motions seeking such preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary injunction which seeks to maintain the status quo.  *See id*.

8

## B.     Analysis of the Preliminary Injunction Factors

Under controlling Sixth Circuit authority, plaintiff's "initial burden" in

demonstrating entitlement to preliminary injunctive relief is a showing of a strong

or substantial likelihood of success on the merits of his action.  *NAACP v. Cit of*

*Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  Plaintiff here alleges an

Eighth Amendment claim for deliberate indifference to his medical needs.  (Dkt.

1).  In the context of medical care, a prisoner's Eighth Amendment right to be free

from cruel and unusual punishment is violated only when the prisoner can

demonstrate a "deliberate indifference" to his serious medical needs.  *Estelle v.*

*Gamble*, 429 U.S. 97, 104-06 (1976).  "Where a prisoner has received some

medical attention and the dispute is over the adequacy of treatment, federal courts

are generally reluctant to second guess medical judgments and to constitutionalize

claims that sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5

(6th Cir. 1976) (citations omitted).  Moreover, mere negligence in identifying or

treating a medical need does not rise to the level of a valid mistreatment claim

under the Eighth Amendment.  *Estelle*, 429 U.S. at 106.

The undersigned finds that, based on the evidence in the record, plaintiff has

failed to meet his "initial burden" of showing a strong or substantial likelihood of

success on the merits.[1]  Rather, the essence of plaintiff's allegations reflect plaintiff's disagreement with defendants over proper medical treatment and the necessity for different medication, which is insufficient to support a claim under the Eighth Amendment.  *See Saadeh v. Hemingway,* 37 Fed. Appx. 194, 195 (6th Cir. 2002) (holding plaintiff's motion for injunctive relief was properly denied because his complaint--that he was not being properly treated for back pain--failed to state a claim of an Eighth Amendment violation); *Chapman v. Parke*, 1991 WL 203080, at *2 (6th Cir. Oct. 4, 1991) ("[A] difference of opinion regarding treatment or his need for surgery is insufficient to state a claim under the Eighth Amendment.").

     The record shows that plaintiff has received continuous medical evaluations, tests, treatment and medication.[2]  Plaintiff had an ultrasound and

---

[1] The MDOC Defendants briefly note that they have previously filed a motion for summary judgment asserting that plaintiff did not properly exhaust his administrative remedies because he did not follow the procedures of the grievance policy by filing a Step III grievance appeal prior to filing this lawsuit, and that plaintiff therefore cannot demonstrate a substantial likelihood of success on the merits.  (Dkt. 38, citing Dkt. 33).  Plaintiff has filed a response to the motion for summary judgment arguing in part that he received the Step II response on March 3, 2014, and filed a Step III appeal, but has yet to receive the Step III response, and that defendants did not follow the proper grievance procedure.  (Dkt. 50).  Because the undersigned finds that plaintiff has failed to show likelihood of success on the merits, the Court need not address the failure to exhaust argument at this time.

[2] As a preliminary matter, plaintiff seeks to strike the affidavit filed in support of the MDOC Defendants' response brief.  (Dkt. 47).  However, plaintiff's reliance on Rule 12(f) of the Federal Rules of Civil Procedure is misplaced.  Pursuant to Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affidavit does not fall within the ambit of what is considered a "pleading" under Rule 7, and therefore is not subject to a motion to strike brought under Rule 12(f).  *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966) ("The motion to

biopsy of his liver in July 2011, and a subsequent appointment with the MDOC's

Infectious Disease Specialist in November 2011, at which time it was determined

that plaintiff's condition had not progressed to the point that treatment was

medically necessary.  The liver biopsy revealed only stage 1 of 4 fibrosis, and

examination revealed no overt extrahepatic disease due to plaintiff's Hepatitis.

Instead, re-checks were ordered every six months. Defendants also received and

reviewed plaintiff's request for athletic shoes, but determined that plaintiff did not

meet the necessary criteria.  Instead, plaintiff had the option of buying athletic

shoes at his own expense.  And, the MDOC Pain Management Committee

reviewed plaintiff's file and placed plaintiff on Tegretol to manage his pain and an

anti-inflammatory medication, but did not recommend any narcotic pain

medications.  However, Tegretol was discontinued at plaintiff's request in

November 2012 to stop the medication.  Plaintiff acknowledges that he received

this treatment, but contends that the evaluations were not proper and that he did

not receive proper medication.  Defendants did not, as plaintiff alleges, ignore

---

strike the affidavits was filed pursuant to Rule 12(f), Federal Rules of Civil Procedure.  This rule specifically relates to matters to be stricken from pleadings, but does not make provision for testing the legal sufficiency of affidavits by a motion to strike."); *see also York v. Ferris State Univ.*, 36 F. Supp.2d 976, 980 (W.D. Mich. 1998) ("Rule 12(f), by its express terms, applies only to 'pleadings.'  An affidavit is not a 'pleading.' . . . Thus, Rule 12(f) provides no basis for the motion.").  "Whether the briefs contain matters that are irrelevant to the issues to be decided in the various motions is, of course, a proper matter for consideration in deciding those motions. However, Rule 12(f) provides no warrant for striking these submissions, as they do no constitute pleadings subject to Rule 12(f)."  *Herrerra v. Michigan Dep't of Corrs.*, 2011 WL 3862426, at *2 (E.D. Mich. July 22, 2011), *adopted by* 2011 WL 3862386 (E.D. Mich. Sept. 1, 2011).

plaintiff's requests. Rather, defendants prescribed alternative courses of treatment. Defendants thus exercised their professional medical judgment regarding the appropriate course of treatment. Even if these decisions were wrong or negligent, they do not show deliberate indifference to plaintiff's serious medical needs. Defendants provided medical attention and provided diagnostic tests and medication, just not the medication or treatment plaintiff wanted. That plaintiff disagrees with this course of treatment does not amount to deliberate indifference because it is well settled that "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim." *Christian*, 2013 WL 607783, at *5 (citation omitted); *see also Greenman v. Prison Health Servs.*, 2011 WL 6130410, at *10 (W.D. Mich. Dec. 8, 2011) (granting summary judgment where "the record shows that defendant treated plaintiff's condition on an ongoing basis with appropriate medications. Further, plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed by [defendant] falls far short of supporting an Eighth Amendment claim."); *Wright v. Genovese*, 694 F. Supp.2d 137, 160-61 (N.D.N.Y. 2010) (explaining that a physician's "concern about prescribing narcotic pain medication, on which inmates with possible substance abuse issues could become dependent, may appropriately inform a medical judgment about what drug to prescribe")

(collecting cases), *aff'd*, 415 Fed. Appx. 313 (2d Cir. 2011).

In sum, plaintiff's disagreement with particular medical decisions made by defendants and his conclusory allegations of deliberate indifference do not negate defendants' allegations that they reasonably and diligently addressed plaintiff's medical needs over an extended period of time.  Moreover, even if plaintiff is able to show a disputed issue of fact as to whether his medical treatment is appropriate, such a showing is not sufficient for equitable relief.  *See Leary*, 228 F.3d at 739. This Court is ill-equipped to micro-manage prison medical treatment.  *See Westlake*, 537 F.2d at 860 n. 5.  Although the undersigned makes no final determination on the merits of plaintiff's claim, it appears at this stage that plaintiff has not made a substantial showing of deliberate indifference to a serious medical need.  Plaintiff, therefore, fails to demonstrate a strong likelihood of success on the merits of his claims, based on the evidence in the record to date, and his motion for injunctive relief should be denied.

Given plaintiff's lack of likelihood of success on the merits, it is not necessary to discuss the other injunction factors in great detail.  *See Gonzales*, 225 F.3d at 625 ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.").  The presence of irreparable harm is not evident.  First, because it appears unlikely, on the current record, that plaintiff will be able to demonstrate that he has a cognizable

constitutional claim, he is not entitled to a presumption of irreparable harm based on the alleged constitutional violation. *See*, *e.g.*, *Overstreet*, 305 F.3d at 578. Moreover, a plaintiff's harm from the denial of preliminary relief is irreparable only if it is not fully compensable by monetary damages. *See id*. In this case, there is no evidence that plaintiff's health is deteriorating or that defendants continue to deny him care for specific, serious concerns. In short, plaintiff has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction.

Finally, the interests of the identifiable third parties and the public at large weigh against an injunction. "The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care, and in contracting with licensed medical providers such as PHS. The public has an interest both in ensuring that prison inmates receive medical care, and also in having a well-regulated and operated prison system. PHS and its medical personnel have an interest in practicing medicine based on their best medical judgment and on the needs of their patients." *Robbins v. Payne*, 2012 WL 3584235, at *3 (E.D. Mich. July 9, 2012) (denying plaintiff's motion for preliminary injunctive relief), *adopted by* 2012 WL 3587631 (E.D. Mich. Aug. 20, 2012). Decisions concerning the administration of prisons are vested in prison officials, in the absence of a constitutional violation, and any interference by the

14

federal courts in that activity is necessarily disruptive.  The public welfare therefore militates against the issuance of preliminary injunctive relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  And, plaintiff is, in effect, seeking relief as if he has already prevailed on the merits and demonstrated inadequate care.  But the purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Camenisch*, 451 U.S. at 395.  Because plaintiff's requested relief would alter the status quo, the public interest is not served by granting the motion for a preliminary injunction.  Therefore, a balancing of the above factors weighs substantially against a grant of preliminary injunctive relief.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for temporary restraining order/preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 9, 2014                        s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

16

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kimberley A. Koester, Ronald W. Chapman, Allan J. Soros, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): James Dulak #46378, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian MI 49221.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov