2:14-cv-10193-DPH-MJH   Doc # 74   Filed 12/30/14   Pg 1 of 23   Pg ID 902

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. DULAK,                              Case No. 14-10193

          Plaintiff,                         Denise Page Hood
v.                                           United States District Judge

CORIZON INC., Dr. HUTCHINSON,                Michael Hluchaniuk
Dr. STEVE, Dr. ABDELLATIF, PA JINDAHL,       United States Magistrate Judge
ROGERS, TAMMY ROTHHAAR

          Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 33)**
**and CORIZON DEFENDANTS' PARTIAL MOTION TO DISMISS**
**AND/OR MOTION FOR SUMMARY JUDGMENT (Dkt. 55)**

I.    PROCEDURAL HISTORY

On January 3, 2014, plaintiff James A. Dulak, an inmate currently

incarcerated by the Michigan Department of Corrections at the Gus Harrison

Correctional Facility ("ARF") in Adrian, Michigan, brought this action under 42

U.S.C. § 1983, claiming a violation of his rights under the United States

Constitution.  (Dkt. 1).  On February 19, 2014, District Judge Denise Page Hood

referred this case to the undersigned for all pretrial purposes.  (Dkt. 11).  On April

7, 2014, MDOC defendants Joan Rogers and Tammra Rothhaar filed a motion for

summary judgment.  (Dkt. 33).  Plaintiff filed his response to the MDOC

defendants' motion on May 12, 2014.  (Dkt. 50).  On June 2, 2014, defendants

1

Corizon, Inc. (correctly named Corizon Health, Inc.), PA Rosilyn Jindahl (correctly named Jindal), Dr. Badawi Abdellatif, and Dr. Craig Hutchinson (collectively the "Corizon defendants") filed a partial motion to dismiss or, in the alternative, motion for summary judgment. (Dkt. 55). Plaintiff filed a response to the motion on August 7, 2014 (Dkt. 64), and the Corizon defendants filed a reply in support of their motion on August 20, 2014. (Dkt. 66). These motions are now ready for report and recommendation.

For the reasons set forth below, the MDOC defendants' motion for summary judgment (Dkt. 33) should be **GRANTED** and plaintiff's claims against defendants Rogers and Rothhaar should be **DISMISSED**. Further, the Corizon defendants' partial motion for summary judgment (Dkt. 55) should be **GRANTED** and (1) plaintiff's claims concerning his need for special footwear should be **DISMISSED** against Dr. Abdellatif; (2) plaintiff's claims concerning the alleged denial of proper pain medication should be **DISMISSED**; (3) plaintiff's claims concerning PA Jindal's failure to monitor his blood pressure should be **DISMISSED**; and (4) plaintiff's claims against Corizon should be **DISMISSED**.

## II.     FACTUAL BACKGROUND

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections at the Gus Harrison Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States

2

Constitution.  (Dkt. 1).  Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs, including care rendered for Hepatitis C, orthopedic needs, pain and high blood pressure.  He asserts that he was informed that he tested positive for Hepatitis C on February 24, 2010, and that he has level I cirrhosis and 0 grade fibrosis, but that defendants made the decision not to treat his Hepatitis C until he reaches a level II cirrhosis and grade II fibrosis.  Plaintiff also contends that he has requested a shoe accommodation for his right foot neuropathy, which defendants have denied, and that defendants have refused to prescribe narcotic pain medication for plaintiff, even though plaintiff has been prescribed narcotic medication for the past 25 years as a result of a fall from a second story roof and subsequent spinal fusion surgery.  Plaintiff further alleges that defendant Rogers removed plaintiff's diet line accommodation for his high blood pressure diet, and that defendant Rothaar told him he was taken off diet line to be punished.  Plaintiff contends that defendants denied him adequate treatment for his serious medical issues in violation of the United States Constitution and he seeks declaratory and injunctive relief, and compensatory and punitive damages.

## III.   ANALYSIS AND CONCLUSIONS

### A.   Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 282 (2012). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)), *cert. denied*, 561 U.S. 1038 (2010). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th. Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. Fed. R. Civ. P. 56(e)(2), (3); *see Everson v. Leis*, 556

4

F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the

nonmoving party to present evidence sufficient to create a genuine issue of fact for

trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere

scintilla of evidence is insufficient; 'there must be evidence on which a jury could

reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d

543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see also Donald v.

Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).[1]

## B.   Exhaustion of Administrative Remedies

### 1.   Legal Standard

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." Section 1997e(a)'s

"exhaustion requirement applies to all prisoners seeking redress for prison

circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002). "[T]he

PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532. In

---

[1] The Corizon defendants moved to partially dismiss plaintiff's claims or, in the alternative, for summary judgment. As set forth below, the Court considers defendants' motions under the summary judgment standard of review.

*Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216. "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" *Jones,* 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party

has the burden–the plaintiff on a claim for relief of the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

## 2.   MDOC Policy Directive 03.02.130

Pursuant to MDOC policy directive 03.02.130 entitled "Prisoner/Parolee Grievances," there are four stages to the grievance process that must be followed before a prisoner can seek judicial intervention, each with specific time limits. First, the prisoner must attempt to verbally resolve the issue with the staff member(s) involved within two business days of becoming aware of a grievable issue. If the issue is not resolved, the prisoner may file a Step I grievance within five business days of the attempted verbal resolution. If the prisoner is not satisfied with the Step I outcome, or he does not receive a timely response, he must request a Step II appeal form within five days, and he then has an additional five days to file the Step II appeal. If the inmate is still not satisfied with the result, he must then file a Step III appeal within 10 business days. The Step III response ends the administrative process. (Dkt. 33-2).

7

When filing a grievance and/or grievance appeal, an inmate must state the facts involved with the issue being grieved, and must also include the "[d]ates, times, places, and names of all those involved in the issue being grieved." (Dkt. 33-2). A grievance may be rejected if it is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant. A grievance may also be rejected if the grievance is untimely. *Id.*

### C.  MDOC Defendant's Motion for Summary Judgment (Dkt. 33)

#### 1.  The parties' arguments

MDOC defendant Joan Rogers is a Registered Dietician and defendant Tammra Rothhaar is a Registered Nurse Manager, both employed at ARF. Plaintiff alleges that although Rogers implemented a diet regimen to address his high blood pressure, she had him removed from that plan in November 2013, and he alleges that Rothhaar informed him on December 12, 2013, that he was removed from the diet plan as a form of punishment. (Dkt. 1, Compl., ¶¶ 36-37, 46). The MDOC defendants argue that plaintiff failed to file a grievance regarding his allegations against them, and therefore plaintiffs' complaint against defendants Rogers and Rothhaar should be dismissed. Specifically, the MDOC defendants state that plaintiff filed seven Step III grievances while incarcerated at ARF, and that two of those grievances were still pending when plaintiff filed his complaint in

this matter.  According to the MDOC defendants, the five completed grievances do not pertain to plaintiff's allegations against them, and the two pending grievances were not exhausted prior to plaintiff's filing of his complaint.  Defendants contend that plaintiff therefore has failed to properly exhaust his administrative remedies.

Plaintiff responds, in relevant part, that he filed a Step I grievance on November 29, 2013 for being taken off of the "diet line" detail (Grievance ARF-13-12-3342-12h), and that this is the only relevant grievance he has filed regarding MDOC defendants Rogers and Rothhaar.[2]  Plaintiff asserts that he received a response dated December 12, 2013, and then filed a Step II appeal dated December 23, 2013.  Plaintiff asserts that the Step II response was dated February 20, 2014, but that he did not receive the response to this appeal until March 3, 2014. Plaintiff asserts that he has yet to receive a Step III response.  Plaintiff argues that there is a genuine issue of material fact as to whether he exhausted his administrative remedies.

### 2.    Plaintiff failed to exhaust his administrative remedies as to MDOC defendants Rogers and Rothhaar

---

[2] Plaintiff also asserts that the MDOC defendants improperly attached a certified copy of the MDOC records as an exhibit to their motion, without a supporting affidavit, and seeks to strike portions of MDOC defendants' brief discussing plaintiff's other grievances.  The undersigned concludes that neither argument has merit, as defendants properly attached a certified copy of the MDOC records to their summary judgment motion, as allowed by Fed. R. Civ. P. 56(c)(1)(A) (permitting citation to, among other things, "depositions, documents, electronically stored information, affidavits, or declarations"), and properly referenced plaintiff's other grievances to support their argument that plaintiff failed to exhaust his administrative remedies as to them.

As the MDOC defendants demonstrate, and plaintiff does not dispute,

plaintiff filed seven grievances while incarcerated at ARF, but only exhausted five

of those grievances prior to filing his Complaint on January 3, 2014.  The five

exhausted grievances do not contain any allegations against defendants Rogers or

Rothhaar.  Plaintiff does not dispute this, but instead asserts that he filed Grievance

ARF-13-12-3342-12h pertaining to his allegations against defendants Rogers and

Rothhaar.  However, it is undisputed that plaintiff filed this grievance on

November 29, 2013, and failed to exhaust this grievance prior to filing this lawsuit

on January 3, 2014.  It is well-settled law that a plaintiff is required to follow the

grievance process detailed in MDOC Policy Directive 03.02.130 to its

conclusion–a resolution of his Step III appeal–*prior to* filing a civil suit:

> It is well-settled that completing the grievance process
> after filing suit does not satisfy the PLRA's exhaustion
> requirement. *Freeman v. Francis*, 196 F.3d 641, 645
> (6th Cir. 1999) ("The plain language of the [PLRA]
> makes exhaustion a precondition to filing an action in
> federal court....  The prisoner, therefore, may not exhaust
> administrative remedies during the pendency of the
> federal suit."); *see also Rhinehart v. Scutt*, No. 10-10006,
> 2011 WL 679699, at *4 (E.D. Mich. Jan. 14, 2011)
> *report adopted by* 2011 WL 674736 (E.D. Mich. Feb. 16,
> 2011) (finding a pair of grievances unexhausted despite
> that the first was appealed through Step III and the
> second terminated favorably at Step II because
> "plaintiff's Step II and Step III appeals on the first
> grievance, and the filing of the second grievance, all
> occurred after he filed his complaint in this action"); *Ross
> v. Duby*, No. 09-531, 2010 WL 3732234, at *1 (W.D.
> Mich. Sept. 17, 2010) ("Now that the MDOC has

10

> responded to Plaintiff's Step III grievance, Plaintiff's
> administrative remedies have been exhausted.
> Regardless, the Court must dismiss Plaintiff's claim, as
> Plaintiff cannot perfect the exhaustion requirement
> during the pendency of his case.").

*Garren v. Prisoner Health Servs.*, 2012 WL 4450495, at *2 (E.D. Mich. Aug. 6, 2012), *adopted by* 2012 WL 4450491 (E.D. Mich. Sept. 25, 2012) (quoting *Dean v. Prison Health Servs.*, 2011 WL 1630114 (Mar. 28, 2011), *report adopted by*, 2011 WL 1627336 (E.D. Mich. Apr. 28, 2011)).  As it is undisputed that plaintiff failed to exhaust his administrative remedies as to MDOC defendants Rogers and Rothhaar prior to filing this lawsuit, MDOC defendants' motion for summary judgment should be **GRANTED** and plaintiff's claims against these defendants should be **DISMISSED WITHOUT PREJUDICE**.

### D.    Corizon Defendants' Motion for Summary Judgment (Dkt. 55)

The Corizon defendants argue that plaintiff failed to exhaust most of his claims against them (except plaintiff's claim regarding the alleged denial of treatment for Hepatitis C), and that plaintiff failed to state a claim under 42 U.S.C. § 1983 against defendants Corizon or PA Jindal.  Specifically, defendants argue: (1) plaintiff failed to exhaust his administrative remedies as to his claims against Dr. Abdellatif concerning his need for special footwear because he failed to mention Dr. Abdellatif in any grievance regarding a request for a shoe accommodation; (2) plaintiff failed to exhaust his administrative remedies

regarding his claims for his need for pain medication because he did not file, much less exhaust, a grievance regarding his claims concerning inadequate pain medication; (3) plaintiff failed to state a claim concerning defendant Jindal's alleged failure to monitor his blood pressure because plaintiff's allegations make clear that PA Jindal did not ignore plaintiff's serious medical need, but instead addressed it, but just not as quickly as plaintiff desired; and (4) all claims against Corizon should be dismissed for failure to exhaust and failure to state a claim. The undersigned will address each argument below.[3]

### 1. Plaintiff's claims concerning his need for special footwear against Dr. Abdellatif

Plaintiff's complaint alleges that Dr. Abdellatif wrongfully refused to provide him a special shoe accommodation in violation of his constitutional rights. (Dkt. 1, Compl. ¶¶ 23-26).[4]  According to defendants, plaintiff filed two grievances addressing the issue of shoe accommodations, ARF-13-02-0542-12D3 and IBC-11-01-0201-12I.  ARF-13-02-0542-12D3 reported that PA Jindal had requested a

---

[3]  Plaintiff argues generally that defendants are estopped from raising an exhaustion defense because some of his grievances allegedly received untimely responses from the MDOC. As defendants correctly explain, although a party may, in some situations, be estopped from relying on the defense of exhaustion for a particular claim if the facility did not follow its own grievance procedure as to the grievance at issue (and, for example, took an unreasonable period of time to render a Step III decision), there is no support that such a limitation extends beyond that particular grievance or claim.

[4]  Plaintiff also makes allegations against Dr. Abdellatif concerning his treatment for Hepatitis C, but defendants are not moving for summary judgment on plaintiff's claims regarding his treatment for Hepatitis C.

shoe accommodation for plaintiff and that Dr. Stieve denied it, but does not

mention Dr. Abdellatif at all.  (Dkt. 33-3, Pg ID 223-27).  And, Grievance IBF-11-

01-0201-12I occurred at a different correctional facility, Bellamy Correctional

Facility, predates Dr. Abdellatif's treatment of plaintiff, and does not identify Dr.

Abdellatif, or any one else, although a Dr. Burke is mentioned in documents filed

with the grievance.  As defendants correctly argue, neither grievance put Dr.

Abdellatif on notice that he was involved in plaintiff's complaints regarding the

special shoe accommodations and plaintiff therefore failed to exhaust his

administrative remedies as to this claim against Dr. Abdellatif.  *See Vandiver v.*

*Corr. Med. Servs., Inc.*, 326 Fed. Appx. 885, 890 (6th Cir. 2009) (claims not

exhausted where they did not give defendants fair notice that the grievance was

directed against them); *Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 470 (6th Cir.

2009).

Plaintiff contends that he did name Dr. Abdellatif in the grievance process,

in Grievance ARF-12-12-4008-28i.  However, plaintiff's reliance on this grievance

is misplaced, as this grievance concerned treatment for Hepatitis C, not a shoe

accommodation (Dkt. 33-3, Pg ID 203-08), and defendants do not argue that

plaintiff's claim based on Hepatitis C is unexhausted.  Plaintiff further references a

grievance "ARF-12-12-4005-12D3" as "nam[ing] MDOC staff and Corizon

employees being deliberately indifferent thereby putting defendants on notice of

13

plaintiff's claims" at Step II.  However, no such grievance is listed on plaintiff's

Step III Grievance Report (Dkt. 33-3, Pg ID 181-83), nor attached as an exhibit to

plaintiff's response, and plaintiff does not otherwise identify the subject matter of

this grievance.  Vague assertions that a grievance "names MDOC staff and Corizon

employees being deliberately indifferent" do not overcome evidence that plaintiff

failed to exhaust a claim against Dr. Abdellatif based on the alleged denial of

special shoes.  Plaintiff also references Grievance ARF-2013-12-3342-12h, filed in

November 2013.  However, as explained above, that grievance identified "Ms.

Rogers" and "Mary Velarda, RN" and concerned the special diet line and low

blood pressure.  That grievance did not involve Dr. Abdellatif, special shoes, or

any other Corizon defendant.  Moreover, as explained above, this grievance was

not exhausted through Step III prior to the filing of this lawsuit in January 2014,

and accordingly is not exhausted.  *See Freeman*, 196 F.3d at 645.  Accordingly,

plaintiff's claim against Dr. Abdellatif regarding shoe accommodations should be

dismissed without prejudice.

### 2. Plaintiff's claims concerning the alleged denial of proper pain medication

Plaintiff complains that defendant Jindal was deliberately indifferent to

plaintiff's need for narcotic pain medication, and that plaintiff requested to be

reevaluated by the Pain Management Committee but PA Jindal failed to do so.

(Dkt. 1, ¶¶ 41-45).  The Corizon defendants argue that plaintiff did not exhaust his

14

administrative grievances regarding the failure to provide pain medication, asserting that plaintiff only completed one grievance regarding pain medication, but that grievance did not involve defendant Jindal, and indeed was filed over two years earlier at a different facility, IBC.  Plaintiff does not dispute this, but instead only reiterates that defendant Jindal failed to refer him to the Pain Management Committee, and that "this [is] not an issue averred by the plaintiff and should be stricken."  As it is undisputed that plaintiff did not file a grievance addressing his claim concerning the alleged denial of pain medication, this claim should be dismissed without prejudice.

### 3.  Plaintiff's claims concerning PA Jindal's alleged failure to monitor his blood pressure

Plaintiff complains that he has high blood pressure, and alleges that, "[a]fter several failed attempts to lower plaintiff's blood pressure, PA Jindal and Dietician Rogers finnally [sic] delivered an efficacious plan involving medication and diet tray accomadation [sic]."  (Dkt. 1, Compl. ¶ 36).  Plaintiff also complains that he was denied "efficacious treatment for high blood pressure."  (*Id.* ¶ 48).  Defendants argue that this claim must be denied because plaintiff fails to state a claim and for failure to exhaust.

Defendants argue that plaintiff's complaint expressly acknowledges that defendant Jindal made several attempts to lower plaintiff's blood pressure and finally did so through medication, and thus acknowledges that PA Jindal did not

ignore a serious need, but instead addressed it.  According to defendants, to the extent plaintiff complains that PA Jindal did not do so as quickly as plaintiff desired, sounds in medical malpractice, not a claim under § 1983.  *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  Plaintiff does not address this argument in his response.  In the context of medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can demonstrate a "deliberate indifference" to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (citations omitted).  Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 106.  In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the plaintiff fails to state a claim under the Eighth Amendment.  *See McFarland v. Austin*, 196 Fed. Appx. 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference

16

of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs., Inc.*, 94 Fed. Appx. 262, 264 (6th Cir. 2004) (affirming dismissal of the complaint for failure to state a claim where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment where defendant discontinued plaintiff's previous course of treatment and prescribed what plaintiff considered to be less effective treatment); *Catanzaro v. Michigan Dep't of Corr.*, 2010 WL 1657872, at *3 (E.D. Mich. Feb. 28, 2010) (plaintiff failed to state a claim of deliberate indifference when "he specifically alleges that he was given medications that proved ineffective to relieve his symptoms, rather than medications that he believed were more effective, such as Drixoral, Sudafed and Deconamine"), *adopted by* 2010 WL 1657690 (E.D. Mich. Apr. 22, 2010); *Allison v. Martin*, 2009 WL 2885088, at *7 (E.D. Mich. Sept. 2, 2009) (plaintiff failed to state a claim of deliberate indifference in violation of the Eighth Amendment when the complaint reveals plaintiff was seen over a dozen times for his eczema and was given medication, though not the "type" and quantity he requested).   As plaintiff alleges in his complaint that PA Jindal made several attempts to lower plaintiff's blood pressure and eventually did through diet and medication, it cannot be said that the treatment received was so woefully inadequate as to state a violation of plaintiff's Eighth Amendment rights.  Thus,

plaintiff's complaint on its face negates the subjective element required to prove a deliberate indifference claim, and because plaintiff's allegations simply constitute a difference of opinion between himself and medical personnel regarding his medical treatment for his blood pressure, he has failed to allege facts that, if proven, would rise to the level of deliberate indifference in order to support an Eighth Amendment claim. *See Estelle*, 429 U.S. at 105-06 (holding that where a plaintiff was seen by medical personnel on 17 separate occasions and was prescribed medications, the medical decisions did not represent cruel and unusual punishment). Accordingly, this claim should be dismissed with prejudice.

Defendants further argue that plaintiff has failed to exhaust this claim, as none of the grievances exhausted through Step III of the grievance procedure address plaintiff's elevated blood pressure. In response, plaintiff points to a grievance filed in November 2013, ARF-13-12-3342-12h. However, as explained above, it is undisputed that this grievance was not exhausted through Step III of the grievance procedure until months after plaintiff filed this lawsuit. Moreover, this grievance does not identify PA Jindal and thus does not put him on notice that a claim is being asserted against him. Therefore, even if plaintiff's complaint did state a claim against PA Jindal concerning plaintiff's blood pressure, this claim is unexhausted and should be dismissed for that reason as well. *See Freeman*, 196 F.3d at 645, *Sullivan*, 316 Fed. Appx. at 470.

18

### 4.    Plaintiff's claims against Corizon

Plaintiff alleges that Corizon is aware of plaintiff's various "skelet[a]l mal[a]dies" based on x-rays taken on May 10, 2011 (Dkt. 1, Compl. ¶ 34), and that Corizon was deliberately indifferent "for implementing Internal operating procedures that deny plaintiff adequate medical care." (*Id.* ¶ 47).  Defendants argue that plaintiff's claims against Corizon fail for several reasons.  First, defendants assert that none of the grievances exhausted by plaintiff can be construed to exhaust a claim against Corizon for its alleged knowledge of or inaction regarding x-rays in May 2011.  In response, plaintiff contends that this claim was exhausted by Grievance ARF-13-02-0542-12D3.  However, as explained above, this grievance complained that PA Jindal requested a shoe accommodation and that Dr. Stieve denied it.  (Dkt. 33-3, Pg ID 223-27).  This grievance does not concern any claim regarding "skeletal maladies" against Corizon.  Accordingly, plaintiff has failed to exhaust any claims against Corizon.

Further, as defendants argue, an allegation that Corizon was aware of "skeletal maladies" attempts to impose vicarious liability on Corizon for the alleged actions or inactions of others.  However, is it well-settled that Corizon cannot be vicariously liable under § 1983 for the alleged knowledge of unspecified employees.  *See Starcher v. Correctional Med. Sys., Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. 2001) ("CMS, although clearly a state actor and therefore a proper party

to this § 1983 action, . . . cannot be held vicariously liable for the actions of its
agents . . . on a respondeat superior basis.") (citations omitted); *Young v. Jackson*,
2013 WL 8178397, at *12 (E.D. Mich. Nov. 13, 2013) ("Corporations, whether
public or private, cannot be held liable under § 1983 on a respondeat superior or
vicarious-liability basis."), *adopted in part by* 2014 WL 1304605 (E.D. Mich. Mar.
31, 2014). Rather, Corizon's liability here, if any, must be premised on some
policy, custom or practice that caused a deprivation of plaintiff's constitutional
rights. *Starcher*, 7 Fed. Appx. at 465; *Garner v. Memphis Police Dep't*, 8 F.3d
358, 363-64 (6th Cir. 1993) (a plaintiff must identify the policy, connect the policy
to the defendant ans show that the particular injury was caused because of the
execution of that policy). Plaintiff's broad, conclusory allegation in his complaint
that Corizon implemented operating procedures that lead to inadequate healthcare
is simply insufficient to state a claim, and plaintiff has failed to present any
evidence of such a policy, custom or practice in his response to defendants' motion
for summary judgment. Plaintiff does not dispute this in his response.
Accordingly, plaintiff's claims against Corizon should be dismissed with prejudice
for this reason as well. *See Young*, 2013 WL 8178397, at *12 (granting summary
judgment to Corizon because plaintiff failed to provide any evidence that
defendant's decision to provide him with conservative care was based on any
policy, custom or practice).

## IV.    RECOMMENDATION

For the reasons set forth above, the MDOC defendants' motion for summary judgment (Dkt. 33) should be **GRANTED** and plaintiff's claims against defendants Rogers and Rothhaar should be **DISMISSED WITH PREJUDICE**. Further, the Corizon defendants' partial motion for summary judgment (Dkt. 55) should be **GRANTED** and (1) plaintiff's claims concerning his need for special footwear should be **DISMISSED WITHOUT PREJUDICE**  against Dr. Abdellatif; (2) plaintiff's claims concerning the alleged denial of proper pain medication should be **DISMISSED WITHOUT PREJUDICE**; (3) plaintiff's claims concerning PA Jindal's failure to monitor his blood pressure should be **DISMISSED WITH PREJUDICE**; and (4) plaintiff's claims against Corizon should be **DISMISSED WITH PREJUDICE**.[5]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

---

[5]  Plaintiff's claims against Dr. Stieve remain, and will be addressed when the Court decides Dr. Stieve's Motion to Dismiss (Dkt. 43).  Further, plaintiff's claims concerning his treatment for Hepatitis C remain.

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 30, 2014                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on December 30, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Counsel of Record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): James Dulak @2727 E. Beecher Street, Adrian, MI 49221                      .

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov