UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. DULAK, | Case No. 14-10193 |
| Plaintiff, | Denise Page Hood |
| v. | United States District Judge |
| CORIZON INC., Dr. HUTCHINSON, | Michael Hluchaniuk |
| Dr. STEVE, Dr. ABDELLATIF, PA JINDAHL, | United States Magistrate Judge |
| ROGERS, TAMMY ROTHHAAR | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MDOC DEFENDANT DR. STIEVE'S MOTION TO DISMISS (Dkt. 43)**

**I.     PROCEDURAL HISTORY**

On January 3, 2014, plaintiff James A. Dulak, an inmate currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan, brought this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 1).  On February 19, 2014, District Judge Denise Page Hood referred this case to the undersigned for all pretrial purposes.  (Dkt. 11).  On April 25, 2014, MDOC defendant Dr. Jeffrey C. Stieve filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  (Dkt. 43).  On October 10, 2014, plaintiff filed his response to Dr. Stieve's motion to dismiss, and combined his response with a

motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. 70).[1]  Dr. Stieve's motion to dismiss is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that Dr. Stieve's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

## II.     FACTUAL BACKGROUND

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections at the Gus Harrison Correctional Facility, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 1).  Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs, including care rendered for Hepatitis C, orthopedic needs, pain and high blood pressure.  With regard to Dr. Stieve, plaintiff asserts that on or about December 18, 2012, he requested a shoe accommodation from Dr. Abdellatif for his right foot neuropathy.  (Dkt. 1, ¶ 20, 23).  According to plaintiff's complaint, neuropathy and diabetes are two of the conditions for which an accommodation could be issued, and plaintiff has both conditions.  (*Id.* ¶ 22).  He asserts that Dr. Abdellatif denied the accommodation and that he "grieved this denial" to Dr. Stieve, who also denied the shoe accommodation.  (*Id.* ¶ 26; *see also id.* ¶ 8 (asserting that Dr. Stieve "is responsible for the final denial of plaintiff's shoe accommadation [sic].")).

---

[1] The Court will address plaintiff's motion for summary judgment in a separate order.

Plaintiff alleges that Dr. Stieve denied him adequate medical care and that he was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, and he seeks declaratory and injunctive relief, and compensatory and punitive damages. (*Id.* ¶ 48).

## III.   ANALYSIS AND CONCLUSIONS

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).  And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation

3

marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept

4

plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

**B.     Plaintiff's Claims Against Dr. Stieve in His Official Capacity are Barred by the Eleventh Amendment**

Plaintiff has asserted a § 1983 claim against Dr. Stieve in both his official and individual capacities. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer or employee in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Thus, the Eleventh Amendment also bars actions for monetary damages against state employees, such as Dr. Stieve, in their official capacities. *Will*, 491 U.S. at 71. Given these facts, plaintiff's § 1983 claims against Dr. Stieve in his official capacity should be dismissed with prejudice.

**C.     Plaintiff Has Sufficiently Alleged Dr. Stieve's Personal Involvement**

Dr. Stieve argues that plaintiff's complaint fails to allege that Dr. Stieve was personally involved in the alleged unconstitutional conduct and thus the complaint fails to state a claim upon which relief can be granted. Rather, Dr. Stieve contends

6

that plaintiff merely states that Dr. Stieve did not rectify the particular situation when brought to his attention via his administrative grievance. To prevail on a § 1983 claim, a plaintiff must show personal involvement by the defendant in the constitutional violation. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'").

Contrary to defendant's assertion, plaintiff does not merely allege that Dr. Stieve was involved in a denial of plaintiff's request for an administrative remedy. While plaintiff admits that his complaint could be more artfully plead, given that pro se pleadings are "to be liberally construed" and read indulgently, *see Erickson*, 551 U.S. at 94, the undersigned concludes that plaintiff has adequately alleged Dr. Stieve's personal involvement in alleged unconstitutional conduct sufficient to withstand a motion to dismiss. Specifically, plaintiff alleges that Dr. Stieve denied his request for a medical shoe accommodation and thus effectively denied him

7

medical care. (Dkt. 1, ¶¶ 8, 26). Indeed, as plaintiff points out in his response, Dr. Stieve stated in an affidavit filed in connection with another pleading in this matter, that he "reviewed an RMO request for MSI shoes [and] determined that the Plaintiff did not meet the MDOC criteria for athletic shoes and advised that the Plaintiff could purchase his own shoes if desired," referring to the RMO Review. (Dkt. 38-2, 39). And, the grievances filed by plaintiff regarding this issue show that Dr. Stieve was not the person who responded to or denied a grievance regarding plaintiff's shoe accommodation. (Dkt. 70, Pg ID 865-70). Therefore, plaintiff has adequately alleged Dr. Stieve's personal involvement and Dr. Stieve's motion to dismiss for failure to state a claim should be denied.

Dr. Stieve also argues that plaintiff's claim against him is barred by the doctrine of qualified immunity. However, Dr. Stieve's sole basis for this argument in this motion is that plaintiff has failed to show personal involvement sufficient to impose liability under § 1983 upon Dr. Stieve. (Dkt. 43, Pg ID 320). Because the undersigned concludes that plaintiff has sufficiently alleged Dr. Stieve's personal involvement in denying him a shoe accommodation, Dr. Stieve's qualified immunity argument similarly fails.[2]

---

[2]Dr. Stieve argued, in response to plaintiff's motion for summary judgment, that he is entitled to summary judgment on plaintiff's claims against him. (Dkt. 72). Pursuant to a separate order filed in this case, plaintiff will be ordered to respond to that argument.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Dr. Stieve's motion to dismiss should be **GRANTED IN PART** and **DENIED IN PART**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 13, 2015                     s/Michael Hluchaniuk
                                                        Michael Hluchaniuk
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on February 13, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): James Dulak #463678, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

                                                        s/Tammy Hallwood
                                                        Case Manager
                                                        (810) 341-7887
                                                        tammy_hallwood@mied.uscourts.gov