UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DULAK,

    Plaintiff,                                    Case No. 14-10193
                                                  Honorable Denise Page Hood

v.

CORIZON, INC., et al.

    Defendants.
_____/

**ORDER ACCEPTING IN PART AND ADOPTING IN PART
DECEMBER 30, 2014 REPORT AND RECOMMENDATION
and
ORDER ACCEPTING AND ADOPTING FEBRUARY 13, 2015
REPORT AND RECOMMENDATION**

**I.    BACKGROUND/STANDARD OF REVIEW**

This matter is before the Court on two Reports and Recommendations (Doc. Nos. 74 and 85) filed by Magistrate Judge Michael J. Hluchaniuk. On March 2, 2015, Plaintiff James Dulak filed Objections (Doc. No. 88) to the Report and Recommendation filed December 30, 2014 (Doc. No. 74). No other objections have been filed to date by any other party and the time to file such has passed.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or

recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## II.   DECEMBER 30, 2014 REPORT AND RECOMMENDATION (No. 74)

After review of the December 30, 2014 Report and Recommendation, the Court agrees with the Magistrate Judge that Plaintiff failed to properly exhaust his available administrative remedies against Defendant Joan Rogers, a Registered Dietician, and Defendant Tammy (Tammra) Rothhaar, a Registered Nurse Manager, both employed by the Michigan Department of Corrections. The Court further agrees with the Magistrate Judge that Defendants Rogers and Rothhaar have submitted sufficient evidence showing that the grievances filed by Plaintiff against them are unexhausted and must be dismissed without prejudice. Plaintiff

did not file specific objections to this portion of the December 30, 2014 Report and Recommendation.

As to the Magistrate Judge's recommendation that the claim against Defendant Dr. Badawi Abdellatif, a staff physician with Defendant Corizon, Inc., regarding special shoe accommodations should be dismissed without prejudice for failure to exhaust administrative remedies, the Court declines to accept the recommendation at this time. The Magistrate Judge reviewed the documents submitted by the parties, concluding that Defendant Dr. Abdellatif's name was not mentioned on the grievance form *ARF-13-02-0542-12D3* regarding shoe accommodation and recommending that this claim should be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's Objection No. 1 asserts that he was confused and argued the "wrong" "12D3" grievance before the Magistrate Judge. With his objections, Plaintiff submits a copy of the grievance form which he claims identifies Defendant Dr. Abdellatif. The Court's review of the "12D3" grievance form submitted by Plaintiff shows that Defendant Dr. Abdellatif is mentioned in this grievance form. It appears that there are two grievance forms ending in "12D3." Defendant Dr. Abdellatif's motion identifies grievance form *ARF-13-02-0542-12D3*. Plaintiff's Objection No. 1 identifies grievance form *2012-12-4008-12D3* which identifies Defendant Dr. Abdellatif.

(Doc. No. 88, Pg ID 1145) The Court cannot dismiss the shoe accommodation claim against Defendant Dr. Abdellatif since the wrong grievance form was argued in the motion before the Magistrate Judge. Defendant Dr. Abdellatif has not argued that the claim against him set forth in grievance form *2012-12-4008-12D3* has not been properly exhausted. Defendant Dr. Abdellatif will not be dismissed at this time for failure to exhaust administrative remedies as to grievance form *2012-12-4008-12D3*.

As to Defendant Physicians Assistant Rosilyn Jindahl (correctly named Jindal), the Court agrees with the Magistrate Judge that the claim regarding inadequate pain medication should be dismissed as unexhausted. Plaintiff did not raise any objections to this recommendation. The Court also agrees with the Magistrate Judge that the claim against Defendant Jindal for failure to address Plaintiff's elevated blood pressure must be dismissed with prejudice. Plaintiff failed to allege sufficient facts that, if proven, would rise to the level of deliberate indifference required to support an Eighth Amendment claim against Defendant Jindal.

Regarding Defendant Corizon, Inc. (correctly named Corizon Health, Inc.), the Court agrees with the Magistrate Judge that the claims against it should be dismissed with prejudice. Plaintiff does not file any specific objections to this

recommendation. Plaintiff has failed to present any evidence of any policy, custom or practice of providing inadequate healthcare by Defendant Corizon. Defendant Corizon cannot be held liable under a respondeat superior or vicarious liability theory.

### III. FEB. 13, 2015 REPORT AND RECOMMENDATION (Doc. No. 85)

The Court has reviewed the Magistrate Judge's February 13, 2015 Report and Recommendation. No objections were filed by any party to this Report and Recommendation. The Court agrees with the Magistrate Judge that the claims against Defendant Dr. Jeffrey C. Stieve in his official capacity should be dismissed with prejudice. The Court also agrees with the Magistrate Judge that Plaintiff has stated a claim against Defendant Dr. Stieve of denying him shoe accommodation and that Dr. Stieve is not entitled to qualified immunity. Dr. Stieve remains as a defendant in his personal capacity.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation **(No. 74)** is ACCEPTED IN PART AND ADOPTED IN PART, as more fully set forth above.

IT IS FURTHER ORDERED that Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation **(No. 85)** is ACCEPTED AND ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants Joan Rogers and Tammy Rothhaar's Motion for Summary Judgment **(No. 33)** is GRANTED for the reasons set forth above. Defendants Rogers and Rothhaar are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Corizon Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment **(No. 55)** is GRANTED IN PART and DENIED IN PART as set forth above and as follows:

    1) Defendant Dr. Abdellatif REMAINS as a Defendant.

    2) Defendant Corizon, Inc. is DISMISSED with prejudice.

    3) Defendant Jindal (Jindahl) is DISMISSED: The pain medication claim against Defendant Jindahl is dismissed without prejudice and the failure to monitor blood pressure claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant Steve's (Stieve's) Motion to Dismiss **(No. 43)** is GRANTED IN PART AND DENIED IN PART as more fully set forth above. The claims against Dr. Steve in his official capacity are

DISMISSED, but the claim against Dr. Steve in his personal capacity as to the shoe accommodation claim is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager